UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WILLIAM DINGLE, | No. 2:22-cv-02098-KJM-CKD P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| PATRICK COVELLO, | |
| Respondent.[1] | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 14, 2022, the court ordered the petition served on respondent and directed a response to be filed within 60 days. ECF No. 5. Respondent filed a motion to dismiss on February 10, 2023 on the grounds that the habeas petition was an unauthorized second or successive application and, alternatively, that the petition is barred by the statute of limitations and is wholly unexhausted. ECF No. 10. Petitioner filed an opposition to the motion to dismiss as well as a motion for summary judgment. ECF Nos. 13, 15. For the reasons explained below, the court recommends granting respondent's motion to dismiss on the ground that the petition is an unauthorized second or successive habeas application.[2]

---

[1] The court substitutes Patrick Covello as the proper respondent in this matter pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases.

[2] The court finds it unnecessary to address respondent's alternative arguments raised in the motion to dismiss in light of this recommendation.

1

## I.   Factual and Procedural Background

Petitioner was convicted of second-degree murder following a jury trial in the Siskiyou County Superior Court.  ECF No. 1 at 1.  He was sentenced to an indeterminate term of 30 years to life.  Id.  In his habeas application, petitioner raises two claims for relief.  First, petitioner contends that the prosecutor failed to disclose favorable evidence to the defense.  ECF No. at 4.  Second, petitioner asserts that his trial attorney was ineffective for failing to subpoena a critical witness and for denying him his right to testify in his own defense.  Id.

In the motion to dismiss, respondent points out that petitioner previously filed a federal habeas corpus petition challenging the same conviction and sentence in Dingle v. Lizarraga, No. 2:15-cv-00845-MCE-CKD (E.D. Cal.) ("Dingle I").  On July 6, 2018, the court in Dingle I issued Findings and Recommendations that petitioner's habeas application be denied on the merits of the jury instruction challenges.  See Dingle, ECF No. 33.  The district court judge adopted these Findings and Recommendations on September 4, 2018 and denied petitioner's habeas application.  See Dingle I, ECF No. 34.  Petitioner did not appeal this judgment.

## II.   Legal Analysis

"A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits.  A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court."  McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (internal citations omitted).  It is clear from the record before this court that petitioner previously filed a federal habeas corpus application challenging his 2010 conviction.  In fact, petitioner acknowledges this as part of his pending federal habeas application.  ECF No. 1 at 2.  Here, petitioner raises two new claims that could have been adjudicated on the merits of his prior petition since he was aware that his trial counsel did not call him or another critical witness to testify at his murder trial.  Therefore, the court finds that the instant habeas petition constitutes a second or successive application.  Petitioner must obtain authorization from United States Court of Appeals for the Ninth Circuit pursuant to 28 U.S.C. § 2244(b)(3) before proceeding with the instant successive

////

2

1  petition in this court.³  Because it does not appear that petitioner has obtained this prior

2  authorization to pursue his new claims for relief, petitioner's habeas petition must be dismissed

3  without prejudice.  Therefore, the undersigned recommends granting respondent's motion to

4  dismiss petitioner's pending habeas application on the basis that it is an unauthorized second or

5  successive petition.

6  Accordingly, IT IS HEREBY ORDERED that the Clerk of Court update the docket to

7  substitute Patrick Covello as the proper respondent in this matter.

8  IT IS FURTHER RECOMMENDED that:

9  1.   Respondent's motion to dismiss (ECF No. 13) be granted.

10  2.  Petitioner's application for writ of habeas corpus (ECF No. 1) be dismissed without

11  prejudice as an unauthorized second or successive petition.

12  3.  Petitioner's motion for summary judgment (ECF No. 13) be denied as moot.

13  4.  The Clerk of Court be directed to close this case.

14  These findings and recommendations are submitted to the United States District Judge

15  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

16  after being served with these findings and recommendations, petitioner may file written

17  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

18  Findings and Recommendations."  In his objections petitioner may address whether a certificate

19  of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule

20  11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a

21  certificate of appealability when it enters a final order adverse to the applicant).  Where, as here, a

22  habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if

---

³ A second or successive habeas application may be authorized if petitioner makes a prima facie showing that the new claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or, the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2).

the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Any response to the objections shall be served and filed within fourteen days after service of the objections. Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 27, 2023

_CAROLYN K. DELANEY_
UNITED STATES MAGISTRATE JUDGE

12/ding2098.mtd.sos

4